UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,

                Plaintiff,

- against -

ERNESTO QUINTIERI,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**MEMORANDUM AND ORDER**

**00-CR-351 (TCP)**

PLATT, District Judge.

Before the Court is defendant Ernesto Quintieri's motion for a writ of audita querela pursuant to 28 U.S.C. § 1651(a), the All Writs Act. Defendant requests that his sentence be vacated and that he be resentenced on the ground that his attorney rendered ineffective assistance of counsel.[1] For the following reasons, defendant's motion is hereby **DENIED**.

## Background

On June 30, 2000, defendant pled guilty to a single count information which charged him with knowingly possessing a counterfeit check drawn on the account of Photocircuits Corporation at First Union Bank, with intent to deceive another person and organization, in violation of 18 U.S.C. § 513(a).[2] The conviction arose from defendant's attempt to cash a stolen and forged check in the amount of $392,568.92.

On October 6, 2000, defendant was sentenced. His presentence investigation report found an adjusted offense level of 13, with a Guidelines range of 12 to 18 months, which the parties

---

1. Defendant also sought a writ of coram nobis, which was withdrawn. DE 24 at p. 1. Defendant also withdrew all claims with respect to cancellation of his removal. *Id.*

2. The facts are taken from the parties' submissions and defendant's presentence investigation report.

agreed was the proper calculation.

Prior to sentencing and by letter dated September 21, 2000, defendant's then-attorney, Joel Weiss, filed a motion for a downward departure based on defendant's "extraordinary family responsibilities." In the alternative, Mr. Weiss requested "a sentence at the bottom of the applicable range of a year and a day."

By letter dated September 25, 2000, the government opposed defendant's motion for a downward departure. It noted that defendant's family circumstances were not extraordinary because many families with incarcerated members also suffer economic hardship. The government also noted that the instant offense was defendant's second federal felony conviction because defendant had pled guilty to conspiracy to commit carjacking in the Eastern District of New York approximately four years earlier in May 1996.

During his client's sentencing on October 6, 2000, Mr. Weiss again asked the Court to "consider a sentence at the bottom of the applicable range. That would be a sentence of a year and a day." Adinolfi Dec., Exh. C 7:4-6. Defendant was sentenced to a custodial sentence of one year and one day, three years of supervised release and restitution in the sum of $6,600 for the counterfeit check count.

While he was incarcerated, defendant learned that because he had been sentenced to one year and one day, he would be automatically removed or deported from the United States for having committed an aggravated felony.

By Notice to Appear dated November 15, 2000, the Immigration and Naturalization Service advised defendant that he was deportable as an aggravated felon as defined by the Immigration Nationality Act § 101(a)(43)(R). Dec. Adinolfi, Exh. D. After serving ten and one-

half months, defendant was released and deported. He currently resides in the Dominican Republic. *Id.* at Exh. B.

## Discussion

### *Legal Standard for a Writ of Audita Querela*

Pursuant to 28 U.S.C. § 1651(a), the "Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," including a writ of audita querela. "Audita querela is a 'writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses.' " *Mora v. United States*, No. 94 Cr. 729, 2009 WL 36779, at *2 (E.D.N.Y. Jan. 06, 2009) (quoting Black's Law Dictionary 141 (8th ed. 2004)).

With respect to criminal convictions, a writ of audita querela is available in very limited circumstances. *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995). "Audita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *Id.* (citing *United States v. Holder*, 936 F.2d 1, 5 (1st Cir. 1991)). A "writ of audita querela is used to challenge 'a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.' " *Durrani v. United States*, 294 F. Supp. 2d 204, 217 (D. Conn. 2003) (quoting *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991)).

"The writ also 'might be deemed available if [its] existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244–if, for example, an

actually innocent prisoner were barred from making a previously unavailable claim under § 2241 as well as § 2255.'" *United States v. Sperling*, 367 Fed. App'x 213, 213 (2d Cir. 2010) (quoting *Triestman v. United States*, 124 F.3d 361, 380 n.24 (2d Cir. 1997)). *See United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) ("[I]f the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of *audita querela* would lie.").

***Whether a Writ of Audita Querela is Necessary***

Defendant argues that a writ of audita querela is used to challenge a judgment that was correct at the time it was rendered, but was rendered infirm by subsequent matters. He thus urges that a writ of audita querela be granted because at the time of sentencing, attorney Weiss failed to argue for a downward departure to a 364 day sentence as opposed to the sentence given, i.e., one year and one day. Defendant argues that pursuant to *United States v. Restrepo*, 999 F.2d 640 (2d Cir. 1993),³ a downward departure may be permissible when there are immigration or alienage consequences.

A claim of ineffective assistance of counsel on the ground that Mr. Weiss failed to argue for a downward departure and a 364 day sentence, however, could have and should have been raised on direct appeal. No appeal was filed.

Defendant also contends that at the time he was sentenced, the Second Circuit Court of

---

3. In *United States v. Restrepo*, 999 F.2d 640, 644, 646-47 (2d Cir. 1993), the court held that while it "declin[ed] to rule that pertinent collateral consequences of a defendant's alienage could not serve as a valid basis for departure if those consequences were extraordinary in nature or degree," it did not find that the consequences of deportation, i.e., defendant's banishment from the United States and separation from his American wife and children, justified shortening the sentence prescribed by the Guidelines. The Court finds no extraordinary circumstances in this case which would warrant a departure and nor does defendant identify any. Thus, this case is inapposite to the instant case.

Appeals required affirmative misadvise by counsel to bring a habeas petition. He states that because his attorney did not affirmatively misadvise him, he did not bring a habeas petition after his judgment of conviction became final. In support of this contention, defendant cites to *United States v. Couto*, 311 F.3d 179, 188 (2d Cir. 2002), abrogated by *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010).

Petitions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations which generally run from the time the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). Contrary to defendant's argument that he could not have raised the ineffective assistance issue because the Second Circuit required affirmative misadvice at the relevant time, the case cited by defendant for this proposition actually held that the court did not need to decide whether "failure to inform a defendant of the deportation consequences of a plea would by itself now be objectively unreasonable." *Couto*, 311 F.3d at 188. Thus, the issue of whether his attorney should have advised him with respect to the deportation issue was undecided and, therefore, defendant was not foreclosed from filing a habeas petition on the basis of case law.

Having determined that defendant could have raised the sentencing issue in a habeas petition but failed to do so and having noted that defendant never took a direct appeal, a writ of audita querela may not now issue.

Insofar as defendant argues that *Padilla v. Kentucky* created a retroactive rule requiring attorneys to advise their clients that a guilty plea could subject them to deportation, 130 S. Ct. at 1483-84, the "Second Circuit has yet to weigh in on Padilla's retroactivity." *Dade v.*

*Schneiderman*, No. 12 Civ. 2092, 2012 WL 2675009, at *1 (E.D.N.Y. July 5, 2012).[4] *See Hill v. Holder*, 454 Fed. App'x 24, 25 (2d Cir. 2012) ("We note only that it is an open question in this circuit whether the rule articulated in *Padilla* applies retroactively and that our sister circuits have reached divergent conclusions on this issue."); *United States v. Nicholson*, No. 39 Cr. 60, 2012 WL 3150370, at *1 (N.D.N.Y. Aug. 2, 2012) ("The Second Circuit has yet to address the retroactivity of *Padilla*.").

Other courts in the Eastern District of New York who have considered *Padilla* have concluded that it is not retroactive. *See Dade*, 2012 WL 2675009, at *1 ("As it has in the past, this Court finds that to the extent *Padilla* sets forth a newly recognized constitutional rule of criminal procedure, the better reasoned view is that it should not be deemed retroactive to cases on collateral review."); *Francisco v. Yelich*, No. 12 Civ. 2243, 2012 WL 2367129, at *2 (E.D.N.Y. June 21, 2012) (same); *Ellis v. United States*, 806 F. Supp. 2d 538, 550 (E.D.N.Y. 2011) ("[N]othing in the *Padilla* opinion indicates that its holding is to be applied retroactively.").

In light of the foregoing and the dubiousness of *Padilla's* retroactive application to

---

4. Disagreement exists among the Circuit courts as to whether or not *Padilla* applies retroactively. *Compare United States. v. Mathur*, 685 F.3d 396, 401 (4th Cir. 2012) ("We therefore conclude that, insofar as *Padilla* recognized a new right, the right cannot be applied retroactively to cases on collateral review under the principles of *Teague*."); *United States v. Amer*, 681 F.3d 211, 214 (5th Cir. 2012) ("[W]e hold that the rule announced in *Padilla* is "new" within the meaning of *Teague* and accordingly, it does not apply retroactively and may not serve as the basis for Amer's collateral challenge to his conviction that had already become final when *Padilla* was decided."), *with United States v. Orocio*, 645 F.3d 630, 641 (3d Cir. 2011) ("We therefore hold that, because *Padilla* followed directly from *Strickland* and long-established professional norms, it is an 'old rule' for *Teague* purposes and is retroactively applicable on collateral review.").

defendant's situation, there is no basis on which to issue a writ of audita querela. For these reasons, 28 U.S.C. § 2255(f)(3) is likewise inapplicable to defendant's request for collateral relief.[5] Accordingly, defendant's motion for a writ of audita querela is hereby **DENIED**.

**SO ORDERED.**

Dated: January 22, 2013
      Central Islip, New York

                                                /s/
                                  Thomas C. Platt, U.S.D.J.

---

5. Title 28 U.S.C. § 2255(f)(3) provides for a one year period of limitation to bring a habeas corpus petition from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."